# Frederic *v.* Margwarth, Appellant.

*Affidavit of defense—Arbitration—Fraudulent award.*

In an action upon an award of a referee or umpire designated in a written contract to settle disputes, an affidavit of defense is sufficient which alleges a conspiracy between an umpire and the plaintiff, by which the umpire " would sign and render any award which the plaintiff should bring to him to sign, whether the same be just or unjust; and that, according to said understanding, the award was made out by the plaintiff, and delivered to said umpire, who signed it," and that the plaintiff visited the umpire in the absence of the defendants, and influenced and controlled him in the making of the award.

Argued April 15, 1901. Appeal, No. 192, Jan. T., 1900, by defendants, from order of C. P. Luzerne Co., Feb. T., 1900, No. 16, making absolute a rule for judgment for want of a sufficient affidavit of defense in case of S. Y. Frederic v. William H. Margwarth and Frank J. Margwarth. Before McCOL-LUM, C. J., MITCHELL, BROWN, MESTREZAT and POTTER, JJ. Reversed.

Assumpsit on award of arbitrators.

Rule for judgment for want of a sufficient affidavit of defense.

From the record it appeared that the contract between the parties contained a clause in the following words: " Charles Sherman, and in case of his refusal or failure to serve, then P. F. Boyle, is hereby appointed to settle all disputes that may arise between the parties in relation to this contract or the building to be erected hereunder, and the amount or amounts which either party must pay for damages for improper material or workmanship for delay in completing the building, etc., all of which damages shall be fixed by him. He shall also decide any and every difference or dispute that may arise between the parties. Said umpire after being notified in writing by either of the parties of any dispute, shall hear the parties and determine the same, which determination shall be final and conclusive, and the sums specified by him for damages and charges to either party shall be paid without appeal."

Charles Sherman, the referee or umpire selected by the parties, proceeded with the performance of his duties in the pres-

ence of the parties and their counsel, after examining witnesses and making a personal investigation of the character of the work done upon the building by the contractor (the plaintiff) the referee made a report in which he found the sum of $4,212.25 due to plaintiff.

This suit was brought upon the award. The affidavit of defense averred, inter alia, as follows:

Affiant says that said alleged award of Charles Sherman is fraudulent and void, and therefore no action can lawfully be founded upon said award. Affiant is informed, believes and expects to be able to prove upon the trial of this case, that a conspiracy existed between the plaintiff, S. Y. Frederic, and said umpire at the time of and before the rendition of said award, viz: October 14, 1899, and with reference thereto; that said umpire would sign and render any award which plaintiff should bring to him to sign, whether the same be just or unjust, and that according to said understanding the award was made out by plaintiff and delivered to said umpire who signed it. That said award was fraudulently, unjustly and unlawfully procured by plaintiff, and in the same manner rendered by the said umpire, and is in fact a fraudulent, unjust and unlawful award. That about the time and just before the rendering of such award plaintiff frequently visited the house of the said Charles Sherman, in the absence of defendants or either of them, and then and there unlawfully solicited, influenced and controlled said umpire, and by fraudulent means procured a fraudulent award to be rendered against defendants.

*Error assigned* was the order making absolute a rule for judgment for want of a sufficient affidavit of defense.

*Joseph H. Jones* and *Samuel Gustine Thompson*, for appellants.—There was sufficient averment as to fraud: Thomas v. Shoemaker, 6 W. & S. 179; Brandon v. Forest County, 59 Pa. 187; Lippincott v. Whitman, 83 Pa. 244; Gere v. Unger, 125 Pa. 644; Allegheny City v. McCaffrey, 131 Pa. 137; Church v. Jones, 132 Pa. 462; Newbold v. Pennock, 32 W. N. C. 370; Barker v. Fairchild, 168 Pa. 246; Lewis v. Broadbent, 21 W. N. C. 31; Hugg v. Scott, 6 Whart. 274; Jones v. Shawhan, 4 W. & S. 257.

*Clarence W. Kline,* with him *Henry A. Fuller,* for appellee.
—The averments touching fraud and misbehavior on part of the arbitrator, are too general and indefinite to receive attention: Max Meadows Land & Improvement Co. v. Mendinhall, 4 Pa. Superior Ct. 406; Blanton v. Craven, 173 Pa. 374.

OPINION BY MR. JUSTICE POTTER, July 17, 1901:

The learned court below entered judgment for the plaintiff for want of sufficient affidavit of defense. The only question with which we are, therefore, concerned is as to whether or not the allegations of fact in the affidavit of defense are sufficient to send the case to a jury.

In the second paragraph, the defendant alleges a conspiracy between the umpire and the plaintiff, by which the umpire " would sign and render any award which the plaintiff should bring to him to sign, whether the same be just or unjust; and that, according to said understanding, the award was made out by plaintiff, and delivered to said umpire, who signed it."

It is further alleged that the plaintiff visited the umpire in the absence of the defendants, and influenced and controlled him in the making of the award.

If these averments were proven, the award ought not to stand. While it is true that facts constituting fraud should be as fully set forth as the circumstances of the case will admit, yet we are of opinion that the allegations here are sufficient to carry the case to the jury.

The judgment is reversed and a procedendo awarded.