

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 27, 1939

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Mr. Sheppard:

Opinion No. O-423
Re: Whether owner of land sold
for taxes and purchased by
State may be allowed to re-
deem the same after the ex-
piration of the redemption
period of two years after
sale.

We are in receipt of your letter of March 21, 1939, where-
in you outline the following facts:

"The State foreclosed its tax lien against
John Doe, the record owner of certain land in
Bee County. After due notice of sale the Sher-
iff offered the land for sale at public auction,
but no bidder appearing the County Attorney bid
the same in for the State and the Sheriff exe-
cuted a tax deed conveying the property to the
State. The Sheriff failed to make any further
offers of sale of this land. Five years after
the date of the Sheriff's sale the original own-
er of the land offers to pay to the Tax Collec-
tor of Bee County all the tax, penalties and in-
terest due against the land."

You request our opinion in response to the following three
questions:

"1.  Is the Tax Collector authorized to re-
ceive the money for the taxes and issue a redemp-
tion certificate therefor?

"2.  Is the Comptroller authorized to ap-
prove a redemption certificate for payment of
these taxes?

Honorable Geo. H. Sheppard, March 27, 1939, Page 2

"3. If so, does such redemption certifi-
cate divest the title to the property in the
State back to the original owner?"

Redemption under Article 7283, Civil Statutes, may be had
as a matter of right if exercised within two years after the pur-
chaser's deed is filed for record.

Article 7284b of the Revised Civil Statutes allows redemp-
tion as a matter of right only if exercised within two years from
the date of sale.

Article 7328, Civil Statutes, outlining the proceeding to
follow in tax suits, provides that if any land so sold and purchased
by the State is not redeemed within the time prescribed by law, the
sheriff "shall sell the same at public outcry to the highest bidder
for cash at the principal entrance to the courthouse in the county
wherein the land lies" after due notice. It is provided that the
sheriff shall send the amount received from such sale to the State
Treasurer after deducting the amount of the county taxes, interest
and penalty of the county tax which he shall pay to the county treas-
urer.

Presented differently, the question is whether the county
tax collector and comptroller, prior to any sale by the sheriff, can
waive the sale and accept the taxes, penalties and interest.

In the case of League vs. State, 57 S.W. 34, Sup. Ct., af-
firmed 22 S.C. 475, land had been sold for taxes for 1884 and bid in
by the State. Thereafter, the State brought suit against another
claimant for such 1884 taxes, as well as others thereafter assessed
against the land. Recovery was allowed, it being held that the State
in so doing waived its rights acquired under the sale.

In State vs. Hutely, 278 Pac. 206, the Supreme Court of
New Mexico held that so long as rights of other parties did not in-
tervene it was within the power of the county treasurer, as the agent
of the State, to permit redemption, although the period allowed as a
matter of right had expired.

In Schreiber vs. Moynihan, 47 A. 851, the Supreme Court of
Pennsylvania held that a purchase at a tax sale by the county was
abandoned by it where the land was not thereafter charged by the
commissioners with county and road taxes, as provided by its law,
but was assessed as before and sold for the taxes so assessed.

In Sigman vs. Lundy, 6 So. 245, by the Supreme Court of
Mississippi, an Act of 1875 providing that the State would abandon
all claims under its pre-existing tax titles if the owners would pay
the taxes for 1874; and in default of payment provision being made

Honorable Geo. H. Sheppard, March 27, 1939, Page 3

for a resale of said lands, it was held that where the State had bought lands for taxes in 1867, and again bought the same land in 1875 for the 1874 taxes, it abandoned, by the act of purchase in 1875, all claim to the land under its purchase of 1867.

In 61 C.J. 1253, it is said that redemption may be allowed, although the time has expired, on equitable grounds, as where the State, city or county consents to the redemption and accepts the money with that understanding.

The statutes relating to the collection of delinquent taxes, foreclosure upon and sale of lands therefor are intended to obtain collection of the taxes, not for the State to obtain a profit upon re-sale. The law favors redemption. Black on Tax Titles (2d Ed.), par. 548.

In our opinion, all three of your questions may be answered in the affirmative, particularly where the land has been regularly assessed in the name of the owner (at time of sale) since the State acquired its title and such subsequently assessed taxes also are paid by the land owner.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Glenn R. Lewis*

Glenn R. Lewis
Assistant

GRL:FG

APPROVED:

*J.S. Moore*

FIRST ASSISTANT ATTORNEY GENERAL